IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIUS GLEGHORN,<br>    Plaintiff<br><br>v.<br><br>MIKA LOGISTICS INC<br><br>    and<br><br>Sergei Lats Name Unknown<br><br>    Defendant. | )<br>)<br>)<br>) **Civil Action No 19-1295**<br>) **Jury Demanded**<br>) .<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Julius Gleghorn (hereinafter "*Plaintiff*"), by and through his attorney, Michelle K. Faron and the Law Firm of Schrempf, Kelly, & Napp, Ltd., for his complaint against Mika Logistics Inc (hereinafter "*Defendant Mika*") and Sergei Last Name Unknown (hereinafter "*Defendant Sergei*") (collectively referred to as "*Defendants*") respectfully shows the court and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e) et seq. ("Title VII"), Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981 (a), and the Civil Rights Act of 1866, 42 U.S.C. §1981 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Julius Gleghorn.

2. Additionally, this is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq. and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq. for failure to pay the minimum wage and failure to pay for the last paycheck of the Plaintiff. Defendants' unlawful compensation practices has had the effect of denying Plaintiff his

lawfully earned wages.

3. The jurisdiction of this Court over this controversy is invoked pursuant to 28 U.S.C. §§ and 1267, 1331, and 1343, 29 U.S.C. §§ 216(b), 2617, and Section 102 of the Civil Rights Act of 1991.  This Court has supplemental jurisdiction for this action under 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1391, because the unlawful conduct alleged herein was committed within the boundaries of the Southern District of Illinois and the Defendants do business within this District.

5. Prior to filing this action, Plaintiff timely filed his written charge asserting racial discrimination with the Equal Employment Opportunity Commission ("***EEOC***") and the Illinois Department of Human Rights ("***IDHR***").

6. On or about August 28, 2019 the EEOC issued a Right to Sue.  A copy of said Right to Sue is attached hereto and marked as **Exhibit A**.  Said Exhibit A is incorporated herein as though herein set forth in full.

7. In conformance with the law, Plaintiff has filed this action prior to the expiration of ninety (90) days from the date of receiving his right to sue letter from the EEOC and within two years after Defendant Mika willfully violated Plaintiff's rights under Title 7.

## PARTIES

8. Julius Gleghorn is an adult African American male and resident of St. Louis County, Missouri who was employed by the Defendant Mika within the meaning of the statutes pursuant to which he brings claims.

9. At all material times, Defendant Mika was Plaintiff's employer within the meaning of 29 U.S.C. § 203, 42 U.S.C. § 2000(e)(b),  and 820 ILCS 115/2.

10. At all material times, Defendant Sergei was Plaintiff's employer within the meaning of 290 U.S.C. § 203(d), 820 ILCS 115/2 and/or within 815 ILCS 115/13.

11. At all times relevant herein, Defendant Mika employed at least fifteen employees.

12. At all times relevant herein, Defendant Sergei was employed by Defendant Mika as a supervisor.

13. Defendant Sergei had supervisory authority over Plaintiff in that Plaintiff reported to Defendant Sergei, who was his supervisor.

14. At all times relevant herein, Defendant Mika acted through its servants and agents

15. Defendant Sergei was at all relevant times a person acting directly or indirectly in the interest of Defendant Mika.

16. At all material times, Defendant Mika has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all times hereinafter mentioned, Plaintiff was an individual employee who was hired by Defendant Mika to engage in commerce for purposes of 29 U.S.C. §§ 206 and 207.

**FACTUAL ALLEGATIONS**

18. Plaintiff was employed by Defendant Mika from July 30, 2018 until August 13, 2018.

19. Defendant Mika employed Plaintiff primarily as a truck driver

20. Throughout his term of employment by Defendant Mika, Plaintiff regularly worked 40 hours per workweek.

21. On or about August 10, 2018 Defendant Mika paid Plaintiff some, but not all, of the monies owed to him as an employee.

22. On or about August 10, 2018 Plaintiff informed Defendant Sergei that his paystub was short $165.00

23. Defendant Mika terminated Plaintiff's employment on August 14, 2018.

24. Plaintiff inquired about returning the service key and fuel card to the company but received no response.

25. Defendant Mika deducted $400 from Plaintiff's last check for the service key and fuel card.

26. When Defendant Mika terminated Plaintiff's employment, it knew that it had still owed him $970 – which is the amount of money that Plaintiff was owed between the short check and the last check.

27. On or about August 10, 2018, Plaintiff received a text message from his coworker Ravi Last Name Unknown. This text message was received by Ravi from Defendant's Mika's phone number 331-642-8502 which stated, "dumb niggers".

28. On or about August 10, 2018, Plaintiff received a second text message from his coworker Ravi Last Name Unknown. This text message was received by Ravi from Defendant's Mika's phone number 331-642-8502 which stated "You tell that nigger Julius that he's not getting a check. And you won't either unless you work." Ravi asked why received the response "Because he is a dumb nigger."

29. Defendants violations of the FLSA as set forth herein were knowing, willful, or

with reckless disregard of their obligations under the law.

## COUNT I: FAIR LABOR STANDARD ACT

30. Plaintiff re-alleges and incorporates by reference the allegations set forth in the above paragraphs 1-29.

31. From July 30, 2018 until August 13, 2018, Defendant Mika violated 29 U.S.C. §206 by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid and failing to pay him at least the applicable federal minimum wage for each hour for which he was employed.

32. This count arises from Defendant's violation of FLSA, 29 U.S.C. § 201 et seq. for Defendant's failing to compensate Plaintiff at least the applicable federal minimum wage for each hour for which he was employed.

WHEREFORE, Plaintiff Julius Gleghorn respectfully requests that the Court enter judgment as follows:

    A. A judgment in the amount of Plaintiff's unpaid wages;

    B. Liquidated damages in an amount equal to the amount of Plaintiff's unpaid wage;

    C. Interest as allowed by law;

    D. An award of reasonable attorney's fees;

    E. Costs incurred in filing and prosecuting this action; and

    F. Such additional relief as this Court deems appropriate and just.

## COUNT II: MINIMUM WAGE UNDER THE ILMWA

33. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-32.

34. This Court has supplemental jurisdiction over the matters alleged herein pursuant

to 28 U.S.C. § 1367.

35. At all relevant times, Defendant Mika was an employer, as defined in 820 Ill. Comp. Stat. Ann. 105/3.

36. At all relevant times, Defendant Sergei was an employer, as defined in 820 Ill. Comp. Stat. Ann. 105/3.

37. At all relevant times, Plaintiff was an employee, as defined in 820 Ill. Comp. Stat. Ann. 105/3.

38. From July 30, 2018 until August 13, 2018, Defendants violated 820 Ill. Comp. Stat. Ann. 105/4 by paying him less than the mandated minimum wage of $8.25 per hour.

WHEREFORE, Plaintiff Julius Gleghorn respectfully requests that the Court enter judgment as follows:

A. A judgment in the amount of Plaintiff's unpaid wages;

B. Treble damages in an amount equal to the amount of Plaintiff's unpaid wage;

C. Interest as allowed by law;

D. An award of reasonable attorney's fees;

E. Costs incurred in filing and prosecuting this action; and

F. Such additional relief as this Court deems appropriate and just.

## COUNT III: UNPAID WAGES UNDER ILLINOIS WAGE PAYMENT AND COLLECTION ACT

39. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-38.

40. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

41. At all relevant times Defendants were Plaintiff's employers as defined in the

IWPCA, 820 ILCS 115/2, and Plaintiff was an employee within the meaning of the act.

42. Defendants did not pay Plaintiff for all of the hours that he worked.

43. Defendant Mika violated 820 Ill. Comp. Stat. Ann. 115/14 by not compensating Plaintiff at all for his work between July 30, 2018 and August 13, 2018.

44. Defendant Sergei violated 820 Ill. Comp. Stat. Ann. 115/14 by not compensating Plaintiff at all for his work between July 30, 2018 and August 13, 2018.

WHEREFORE, Plaintiff Julius Gleghorn respectfully requests that the Court enter judgment as follows:

A. A judgment in the amount of Plaintiff's unpaid wages;

B. An award of statutory damages equal to 2% of the amount of unpaid wages for each month following the date of the payment during which underpayments remain unpaid;

C. An award of reasonable attorney's fees;

D. Costs incurred in filing and prosecuting this action; and

E. Such additional relief as this Court deems appropriate and just.

## COUNT IV: RACIAL DISCRIMINAITON UNDER TITLE VII

45. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-44.

46. Defendant Mika has intentionally discriminated against Plaintiff in violation of Title VII by engaging in the following acts

    a. Referring to Plaintiff and similarly situated African American Employees as "dumb niggers;"

    b. Referring to Plaintiff specifically as a "dumb nigger;"

    c.    Stating that he will not get a check because he is a "dumb nigger;"

    d.    Refusing to pay Plaintiff what he is owed because he is a "dumb nigger."

WHEREFORE, Plaintiff respectfully request that this Court grant the following relief:

    a.    Enter a judgment that Defendant's acts and practices as set forth herein are in violation of the laws of the United States;

    b.    Award Plaintiff lost wages, including back pay, front pay and lost benefits, and including, without limitation, any lost benefits that would otherwise have been available to the Plaintiff without the discrimination;

    c.    Award Plaintiff compensatory and punitive damages;

    d.    Award Plaintiff the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees; and

    e.    Grant Plaintiff such other and further relief as this Court finds necessary and proper.

## **JURY DEMAND**

47.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues triable by a jury.

Respectfully Submitted,

*/s/ Michelle K. Faron*
Bryan J. Schrempf, #6311366
Michelle K. Faron, #6322507
Schrempf, Kelly & Napp Ltd.
307 Henry Street, Suite 415
Alton, IL 62002
(e) bschrempf@sknlawyer.com
(p) 618.465.2311
(f) 618.465.2318