IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIUS GLEGHORN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-1295-MAB |
| | ) |
| MIKA LOGISTICS INC. and SERGEI LNU,[1] | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Currently before the Court are Plaintiff Julius Gleghorn's Motions for Entry of Default Judgment against Defendants Mika Logistics Inc. (Doc. 16) and Sergei LNU (Doc. 17). As explained below, the motions are denied because Plaintiff has not provided sufficient information to support his motions.

First, Plaintiff's motions and supporting affidavits contain only conclusory statements regarding the damages owed to Plaintiff. Plaintiff's Motion for Entry of Default Judgment against Mika Logistics (Doc. 16) and the supporting affidavit (Doc. 16-1) seeks damages in the total amount of $74,467.19 against Mika Logistics Inc., broken down as follows:

- $970.00 in actual damages under the Fair Labor Standards Act (FLSA),
- $970.00 in liquidated damages under the FLSA,
- $970.00 in actual damages under the Illinois Minimum Wage Act,
- $1,364.42 in damages under the Illinois Minimum Wage Act, representing 5%

---

[1] "LNU" stands for "Last name unknown."

of any underpayments for each month since August of 2018 plus from date of judgment as provided by law, together with the costs of this action,
- $970.00 in actual damages under the Illinois Minimum Wage Payment and Collection Act,
- $545.77 in damages under the Illinois Minimum Wage Payment and Collection Act, representing 2% of any underpayments for each month since August of 2018 plus from date of judgment as provided by law, together with the costs of this action,
- $4,000.00 in actual damages under Title VII,
- $50,000.00 in punitive damages under Title VII,
- $484.00 in expenses incurred by Plaintiff, and
- 53.4 hours of attorney's work.

Similarly, Plaintiff's Motion for Entry of Default Judgment against Sergei LNU (Doc. 17) and the supporting affidavit (Doc. 17-1) seeks damages in the total amount of $8,117.19 against Sergei LNU, broken down as follows:

- $970.00 in actual damages under the FLSA,
- $970.00 in liquidated damages under the FLSA,
- $970.00 in actual damages under the Illinois Minimum Wage Act,
- $1,364.42 in damages under the Illinois Minimum Wage Act, representing 5% of any underpayments for each month since August of 2018 plus from date of judgment as provided by law, together with the costs of this action,
- $970.00 in actual damages under the Illinois Minimum Wage Payment and Collection Act,
- $545.77 in damages under the Illinois Minimum Wage Payment and Collection Act, representing 2% of any underpayments for each month since August of 2018 plus from date of judgment as provided by law, together with the costs of this action,
- $484.00 in expenses incurred by Plaintiff, and
- 32.2 hours of attorney's work.

The affidavits do not include any explanation as to where the damages figures came from. Nor do they explain how the amounts for damages were calculated.[2] *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (holding default judgment

---

[2] For an illustrative example of underpayment calculations, *see Iqbal v. Integra Staffing Services Inc.*, 18-CV-01947, 2019 WL 3408814, at *5 (N.D. Ill. July 24, 2019).

may not be entered without a hearing unless district court "ascertain[s] the amount of damages with reasonable certainty . . . from definite figures contained in the documentary evidence or in detailed affidavits.") (citations and internal quotation marks omitted). For example, Plaintiff asks for $970.00 in actual damages under the FLSA but does not indicate what this money is for or why it is owed to him. Plaintiff does not itemize the damages (*e.g.*, the number of hours worked, rate of pay, and the amount of pay received), or provide any evidence (or references to evidence) to verify his entitlement to this money. Additionally, the affidavits do not provide the Court with citations to the applicable provisions of the statutes which entitle Plaintiff to the damages requested.

Furthermore, the affidavit does not contain an itemization of the tasks for which Plaintiff's attorney seek fees, the attorney's billing rate, or an itemization of the costs Plaintiff incurred.

Plaintiff has not explained why it is appropriate to recover actual damages of $970 under the FLSA, the Illinois Minimum Wage Act, *and* the Illinois Wage Payment and Collection Act *from both* Defendants. In other words, it appears that Plaintiff is trying to recover actual damages for a single wage violation six times. The general rule is that a "plaintiff may not win a double recovery for the same injury, even if multiple theories support [the] damages award." *Turentine v. Am. Glob. Mgt., LLC*, 119CV01753JPHDLP, 2020 WL 551115, at *3 (S.D. Ind. Feb. 4, 2020) (citing *Murphy v. Smith*, 864 F.3d 583, 587 n.1 (7th Cir. 2017)). Plaintiff has also not provided any explanation or authority that it is proper, and not duplicative, to recover liquidated damages under the FLSA, along with the 5% penalty under the Illinois Minimum Wage Act, and the 2% penalty under the

Illinois Minimum Wage Payment and Collection Act.

Additionally, the Court questions whether service on Defendants was proper.[3] The record shows that Defendant Mika Logistics was served by giving the summons to Tom Mika (Docs. 7 and 8). However, there is no indication anywhere as to who Tom Mika is, and the summons listed Urszula Mika as Mika Logistics' registered agent (Docs. 1-3 and 7). Thus, without more, it is unclear why Tom Mika should be considered an agent of Mika Logistics. *See Koskey v. Hoffe and Associates LLC*, 19-CV-612-PP, 2020 WL 551108, at *1 (E.D. Wis. Feb. 4, 2020) (the plaintiff provided no evidence that the individual served was an officer, managing or general agent, or agent authorized by appointment or law. Accordingly, the court could not tell whether service to the corporation was proper and denied the motion for default judgment without prejudice).

Defendant Sergei LNU was likewise served by giving the summons to Tom Mika (Doc. 8). However, no evidence or explanation has been provided to show that Tom Mika was authorized by appointment or law to receive service on behalf of Sergei LNU. *Dick v. Gainer*, No. 97 C 8790, 1998 U.S. Dist. LEXIS 6109 (N.D. Ill. Apr. 20, 1998) (under both Illinois' Rules of Civil Procedure and Federal Rules of Civil Procedure, defendants were not properly served when service was upon defendants' coworkers at defendants' places of work). Additionally, without researching Sergei LNU further to discover at least his

---

[3] "Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." 10A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2682 (4th ed. 2019) (citing *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.")).

full name and home address, it seems improbable that Plaintiff was able to confirm that Tom Mika was actually Sergei LNU's agent.[4] The Court also questions whether it is appropriate to issue a default judgment against a party whose last name is unknown. How would Plaintiff ever begin to go about collecting on a judgment against "Sergei?" — there must be hundreds, if not thousands, of individuals named Sergei in Chicago.

Finally, the Court questions whether venue in the Southern District of Illinois is proper under 28 U.S.C. § 1391, which is the statute cited by Plaintiff (Doc. 1). Plaintiff alleges that venue is proper under § 1391 "because the unlawful conduct alleged herein was committed within the boundaries of the Southern District of Illinois and the Defendants do business within this District" (Doc. 1). However, there are no facts to support this allegation (*see* Doc. 1). Instead, documents in this case suggest that both Defendants are residents of Chicago, Illinois (*see* Docs. 1-1, 4, 5, 7, 8), and Plaintiff alleges that he is a resident of St. Louis County, Missouri (Doc. 1). Thus, to the extent venue is governed by § 1391, Plaintiff needs to further explain why venue is proper in the Southern District of Illinois.[5] Plaintiff should also address why the Southern District of Illinois is the most convenient forum for this case. *See* 28 U.S.C. § 1404(a).[6]

---

[4] If Plaintiff cannot prove that service on Defendants was proper, the Court intends to vacate the Clerk's Entry of Default (Doc. 15) because proper service is a prerequisite to the clerk's entry of default. *Dahl v. Kanawha Inv. Holding Co.,* 161 F.R.D. 673, 685 (N.D. Iowa 1995) (where it appears that plaintiffs "have never properly served the defendants, ... neither entry of default nor entry of default judgment would be proper.").

[5] The Court notes that venue in this case may be governed by Title VII's venue provision, 42 U.S.C. § 2000e–5(f)(3), as opposed to 28 U.S.C. § 1391.

[6] Plaintiff can provide additional facts and argument regarding his choice of venue in his renewed motion(s) for default judgment. He need not file an amended complaint at this time.

For the reasons outlined above, the Motions for Default Judgment (Docs. 16, 17) are **DENIED without prejudice**. Plaintiff shall have until June 1, 2020 to refile the motions along with the necessary certifications and supporting documentation. Failure to refile the motions by the deadline may result in the dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

DATED: April 17, 2020

                                                    **s/ Mark A. Beatty**
                                                    **MARK A. BEATTY**
                                                    **United States Magistrate Judge**